# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

In Re:

| | |
|---|---|
| **CHRISTINE D. BARRETT** | Case No. 14-56091 |
| | **Chapter 7** |
| **Debtor** | Judge C. Kathryn Preston |
| | SSN: xxx.xx.5095 |

## CASE TRUSTEE, BRENT A. STUBBINS' NOTICE OF INTENT TO SELL INTEREST IN OIL, GAS, COAL, AND OTHER MINERALS

Brent Stubbins, Case Trustee, hereby gives notice pursuant to 11 U.S.C. Section 363(b)(1), Bankruptcy Rule 604, and Local Bankruptcy Rule 6004-1(b)(1), of his intent to sell property of the Estate other than in the ordinary course of business.  The Trustee intends to sell the property described below on the terms and condition set forth below.

1. On August 27, 2014, this case ("Case") was filed under Chapter 7 of the Bankruptcy Code.

2. Property of the Bankruptcy Estate includes the Debtor's interest in an Oil and Gas Lease with Gulfport Energy Corporation, executed October 22, 2011, and recorded as a Memorandum of Lease in the Guernsey County Official Records, Book 487, Page 2731 ("Lease"), on March 26, 2012.

3. The Lease covers the Debtor's interest, as a singe woman, in oil, gas, coal, and other minerals underlying approximately 5.005 acres in Guernsey County, Ohio, Auditor Parcel No. 08-0001774-002.

4. The Debtor obtained her interest in the oil, gas, coal, and other minerals by virtue of a Quit Claim Deed from Todd D. Barrett, unmarried, to Christine D. Barrett, dated April 26, 2005, filed April 26, 2005, at 3:47 p.m., and recorded in Book 428, Page 853 - 854, in Guernsey County Official Records.

5. The Debtor did not schedule her Lease on Schedule B or Schedule G.

6. On the Debtor's Statement of Financial Affairs, the Debtor scheduled a total of $25,025.00 in royalties from the Lease in 2011.  No income was scheduled for 2012 or 2013.

7. On December 17, 2014, the Case Trustee ("Trustee") sent a letter to LHB Ventures, LLC

("LHB"), along with several other oil and gas companies, to see if any of them were interested in acquiring the Debtor's interest in the Lease. In that letter, the Trustee advised that no title examination had been performed.

8. On December 31, 2014, LHB responded with an offer letter ("Initial Offer") for $37,500.00 "for all of the mineral interests…" that the Debtor has in oil, gas, coal, and other minerals situated in Ohio, and owned by the Bankruptcy Estate, free and clear of liens. See attached Offer.

11 U.S.C. §541 provides that property of the Bankruptcy Estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."

11 U.S.C. §363(b) provides that the Bankruptcy Trustee may, after notice and a hearing, "use, sell, or lease, other than in the ordinary course of business, property of the estate."

The Trustee notes that the attached case, *In re Way*, 2014 Bankr. LEXIS 3985 (N.D. Ohio, September 17, 2014), provides that the Homestead exemption does not apply to oil and gas rights, even when classified as real property.

While this is a Notice of Intent to Sell and not a Motion to Sell Free and Clear of Liens, Ohio Revised Code §1509.31, provides that oil and gas leases are protected in the event of foreclosure, even if they are recorded after a mortgage:

> "(D) If a mortgaged property that is being foreclosed is subject to an oil or gas lease, pipeline agreement, or other instrument related to the production or sale of oil or natural gas and the lease, agreement, or other instrument was recorded subsequent to the mortgage, and if the lease, agreement, or other instrument is not in default, the oil or gas lease, pipeline agreement, or other instrument, as applicable, has priority over all other liens, claims, or encumbrances on the property so that the oil or gas lease, pipeline agreement, or other instrument is not terminated or extinguished upon the foreclosure sale of the mortgaged property. If the owner of the mortgaged property was entitled to oil and gas royalties before the foreclosure sale, the oil or gas royalties shall be paid to the purchaser of the foreclosed property."

In other words, oil and gas leases under this Section have "super priority" over other instruments. So even though, in this case, the mineral interest is being sold by way of a Notice of Intent to Sell, the sale is, in effect, free and clear of liens.

**Provision for Higher Bids:** Prior to the deadline for filing objections or higher bids, any party may submit a higher offer on the same terms and conditions as proposed by Buyer, provided that the minimum incremental increase in the bid must be $1,000.00. After the conclusion of the period for filing objections or higher bids, Trustee will submit an Order authorizing him to proceed with the transaction which will yield the greatest return to the estate. The Trustee reserves the right to seek a Hearing if there are competing bids. Any party who wishes this to be the process should file a Demand for Hearing when submitting their bid. If there

is no demand for Hearing, the Trustee may contact the other bidder(s) to conduct an auction, or if no prior offering party wishes to bid again, sell to the highest bidder, or re-notice the new bid(s), or he may ask the Court to convene a Hearing to approve the sale, depending on all the circumstances. If more than one party wants to continue to bid, he may conduct that sale in any fashion he deems appropriate, such as a conference call, a written bid sealed and delivered to his Counsel, or by conducting an auction on his own or in the presence of the Court. The Trustee will submit an Order, at the appropriate time, to have this Sale formally approved by the Court, so the Buyer has a recordable Court Ordered right to the minerals, which Order will serve as a conveyance to those minerals.

**Trustee's Analysis and Recommendation:** The Debtor did not schedule a value for the mineral interests in their real estate. The attached Offer is the highest Offer the Trustee received (while other interested parties emailed the Trustee, they did not make a formal offer). The Trustee believes this offer is significant and bona fide and will provide a meaningful return to the unsecured creditors, whose claims are scheduled in the amount of $20,794.10.

The Trustee intends to close this transaction according to local customs and prorations, and seeks authority, without further Order from the Court, to take such steps as are necessary to close this matter, equivalent to those actions private sellers would take at their own closing.

The Trustee is selling the interest of the Bankruptcy Estate in the foregoing property in an "as is" condition without warranty of any kind.

The Order the Trustee will upload will contain these provisions:

> ***ORDERED*** *that Trustee's proposed sale of various interests in rights to each and every mineral, mineral interest, royalty interest, non-participating royalty interest, gas (including other gaseous substances or associated substances) and mineral lease, working interest, and every interest of every description whatsoever in leased, unleased, producing, non-producing, produced, and stored, severed and unsevered interests in oil, gas (including other gaseous substances or associated substances), coal, and other minerals of every conceivable type and description, including any rights of way, easements, or other surface interest, if any, and any after-acquired title, as may be owned by the within referenced debtor's bankruptcy estate legally or equitably, pre-petition, if any, for any and all property situated in the State of Ohio, including, but not limited to approximately a total of 5.005 acres in Guernsey County, Ohio, Auditor Parcel No.08-0001774-002 (5.0052 acres, including all accrued and unpaid income as of December 17, 2014, and all income*

*received after that date and all escheated funds relating to such mineral interests, is approved; and it is further*

**ORDERED** *that Brent Stubbins, Trustee, is authorized to sell and convey the mineral interests to LHB Ventures, LLC, for the net sum of $37,500.00 as set forth in this Notice; and it is further*

**ORDERED** *that the sale of the mineral interests is without warranties of any kind and is being sold "As Is"; and it is*

**ORDERED** *that the net sale proceeds shall be retained by the Trustee for distribution pursuant to subsequent Order of the Court; and it is further*

**ORDERED** *that this Court shall retain jurisdiction to implement and enforce the provisions of this Order; and it is further*

**ORDERED** *that this Order shall be a final appealable Order and, to the extent necessary under Federal Rule of Bankruptcy Procedure 9014, the Court expressly finds that there is no just reason for delay in the implementation of this Order; and expressly directs immediate judgment as set forth herein; and directs that, for purposes of Federal Rule of Bankruptcy Procedure 7062, this Order is an Order authorizing the sale of property of the estate under 11 U.S.C. 363 (b)(1); and it is further*

**ORDERED** *that with respect to the transfers of property authorized herein, the reversal or modification of this Order on appeal shall not affect the validity of the sale authorized by the Order unless this Order has been stayed pending appeal; and it is further*

**ORDERED** *the Case Trustee may close this transaction and make other necessary decisions according to local customs and prorations without further Order from the Court, and steps may be taken as necessary to close this matter, equivalent to those actions private sellers may take at their own closing.*

/s/Brent A. Stubbins
Case Trustee
Brent A. Stubbins (0016326)
Stubbins, Watson & Bryan Co., L.P.A.
59 N. 4th Street

Document      Page 5 of 6

>P. O. Box 488
>Zanesville, OH 43702-0488
>740.452.8484
>740.455.4124
>bstubbins@zanesville.law.pro

## NOTICE OF MOTION/ORDER

Brent A. Stubbins, has filed papers with the court to obtain relief sought in a Notice of Intent to Sell Real Estate.

**Your rights may be affected**.  You should read these papers carefully and discuss them carefully with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Motion/Objection, then on or before **twenty one (21) days from the date set forth in the certificate of service for the Motion/Objection,** you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, 170 N. High Street, Columbus, Ohio 43215, OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to Brent A. Stubbins, Case Trustee, Stubbins, Watson & Bryan Co., L.P.A., 59 North Fourth Street, P. O. Box 488, Zanesville, Ohio 43701-0488 and United States Trustee, 170 North High Street, Ste. 200, Columbus, Ohio 43215.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion/Objection and may enter an order granting that relief without further hearing or notice.

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on January 27, 2015, a copy of the foregoing CASE TRUSTEE, BRENT A. STUBBINS' NOTICE OF INTENT TO SELL INTEREST IN OIL, GAS, COAL, AND OTHER MINERALS has been served electronically upon:

- Asst US Trustee (Col)

- Stephen C Heine

- Brent A Stubbins

and by regular U S Mail to the Debtors, and all parties in interest listed below and on the attached service list:

CHRISTINE D. BARRETT
64127 ARROWHEAD ROAD
CAMBRIDGE, OH 43725-8948

PEOPLES BANK,
NATIONAL ASSOCIATION
138 PUTNAM STREET
MARIETTA, OH 45750

/s/Brent A. Stubbins
Brent A. Stubbins